**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| SAMUEL R. ACOSTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-1249-BP |
| § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was automatically referred to the undersigned under Special Order No. 3-350. Because the parties have not consented to the undersigned for all purposes under 28 U.S.C. § 636(b), the clerk should reassign the case to a United States District Judge under the case assignment order for the Fort Worth Division. *See* Special Order No. 3-350.

Before the Court is Defendant's Motion to Remand filed January 31, 2024. ECF No. 7. Defendant seeks a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). After reviewing the Motion, Plaintiff's responses, Defendant's replies, and the relevant legal authorities, the undersigned recommends that the United States District Judge **GRANT** the Motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative action.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97–102 (1991), the Supreme Court made clear that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Id.* at 98 (citing 42 U.S.C. § 405(g)). A sentence four remand "requires

the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *rec. adopted*, 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g) and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Shaefer*, 509 U.S. 292, 297 n.2 (1993) (citing § 405(g); *Melkonyan*, 501 U.S. at 99–100). Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination. Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the prior proceeding." *Melkonyan*, 501 U.S. at 98; *see also McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). The "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. United States Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *rec. adopted*, 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296–97 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

Here, the Commissioner seeks to remand the case to conduct further administrative proceedings. ECF No. 7 at 1. Specifically:

> Upon remand, the Appeals Council will instruct an Administrative Law Judge to evaluate the additional medical evidence; further develop the record to ascertain Plaintiff's current medical providers; as available, obtain a consultative medical examination; obtain medical expert evidence as warranted; further develop Plaintiff's work history (including any earnings and activities); and offer

2

> Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.

The Supreme Court has explained that a Sentence Four remand is appropriate when "the evidence on the record was insufficient to support the Secretary's conclusion and that further factfinding regarding respondent's ailment was necessary." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

The quoted language above indicates that the record is insufficient in the way contemplated by the Supreme Court in *Sullivan*, making remand under Sentence Four appropriate. Sentence Six is not applicable here because it is not clear to the Court that the missing aspects of the administrative record would involve "evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of the proceeding." *Id*. Rather, as Defendant's counsel was preparing the transcript in this case, "the Appeals Council notified the [Defendant's] attorney that additional evidence that Plaintiff had submitted had not been considered by the Appeals Council when it denied Plaintiff's request for review of the unfavorable decision by the Administrative Law Judge." ECF No. 17 at 1.

Plaintiff opposes Defendant's request for remand. Describing his "fight for benefits" as a "decades long ordeal," he recounts a denial of benefits in 1999 and a partially favorable decision in 2003 entitling him to a closed period of disability beginning May 27, 1993 and ending May 27, 1994. ECF No. 13 at 1-2. However, according to him, he "never saw any benefits," and he quotes a communication from a Social Security Administration representative explaining that he was "entitled to a period of disability" but "not entitled to [d]isability insurance benefits." *Id*. at 2. He also provides other quotations possibly indicating he was entitled to benefits. *Id*. at 3; *see also* ECF No. 18-4 at 1. He alleges that although an administrative law judge declared him disabled and awarded him benefits, the Social Security Administration did not "honor the decision." *Id*.

3

Accordingly, Plaintiff asks the Court "to not remand [his] case but to order [the Social Security Administration] to give [him] the benefits past and present that have been wrongfully denied since September 19, 1995." *Id.*

The Commissioner argues in response that "[t]he Supreme Court has recognized that the proper course, except in rare circumstances, is to remand to the agency for additional proceedings." ECF No. 17 at 1 (citing *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002)). The Commissioner also asserts that "[t]he Fifth Circuit has indicated that an award of benefits is appropriate only when the record conclusively establishes entitlement to benefits." *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990)). The Commissioner asserts that the record needs further development and does not conclusively establish Plaintiff's entitlement to benefits, making it inappropriate for the Court to immediately award benefits to him. ECF No. 17 at 1-2.

The Fifth Circuit has written that "granting or denying interim benefits on a case-by-case basis in reliance on the facts and equities involved in each individual case is the express duty of the reviewing court" and has approvingly written about granting an immediate award when "there had been significant, unreasonable delay attributable to the Commissioner." *Vanderbilt v. Astrue*, 240 F. App'x 661, 663 (5th Cir. 2007). Likewise, it "has affirmed district court orders remanding cases for an award of benefits when there is evidence of an extensive record, a lengthy administrative process due to no fault of the claimant, an ALJ's decision unsupported by substantial evidence, and/or a claimant who is actually disabled." *Limbaugh v. Kijakazi*, No. 3:22-CV-02126-B-BH, 2023 WL 5021806, at *21 (N.D. Tex. July 18, 2023). This Court previously has awarded benefits rather than remanding for further proceedings when "it would be unconscionable to remand it to the Commissioner for further review." *Id.* at 22. "At some point, the Commissioner runs out of time, and courts justifiably may conclude that further administrative proceedings serve

4

no useful purpose, but rather would cross the line to a miscarriage of justice." *Id*. (internal quotations and citations omitted).

While the Court understands that Plaintiff has sought benefits for a considerable time, due to the incompleteness of the record the undersigned declines to recommend deviation from the Supreme Court's direction favoring remand for additional consideration by the administrative agency. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Under these circumstances, remand under sentence four of 42 U.S.C. § 405(g) is appropriate.

Having carefully considered Defendant's Motion (ECF No. 7), the undersigned **RECOMMENDS** that the United States District Judge **GRANT** the Motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 16, 2024.

                                                     Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6